UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOP GUN AMMO SALES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00770-SEP |
| | ) |
| COF TECHNOLOGIES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is attorney Steven Sumsion's Amended Motion to Withdraw as attorney. Doc. [76]. Sumsion seeks to withdraw as counsel for Defendant American Defense Technologies, LLC "due to Defendant's sporadic communication" and "the unreasonable financial burden" that continued representation imposes on counsel. *Id.* at 1. Absent exceptional circumstances, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. That principle applies with special force in cases where the client is a corporation or similar artificial entity, as an artificial entity can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citation omitted). Additionally, an artificial entity such as Defendant American Defense Technologies, LLC is subject to entry of a default judgment if it fails to obtain counsel as required by the Court. *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014); *Top Sales, Inc. v. Designer Vans, Inc.*, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the above, the Court holds Sumsion's motion in abeyance and orders Defendant American Defense Technologies, LLC to obtain substitute counsel no later than **Friday, August 11, 2023**. If it fails to obtain substitute counsel within that time, Defendant American Defense Technologies, LLC may be subject to a default judgment in favor of Plaintiff. *See Ackra Direct Mktg.*

*Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se).

Accordingly,

**IT IS HEREBY ORDERED** that attorney Steven Sumsion's Amended Motion to Withdraw, Doc. [76], is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Defendant shall obtain substitute counsel no later than **Friday, August 11, 2023**, and that Defendant's substitute counsel, if any, shall file an entry of appearance no later than **Friday, August 11, 2023**.

**IT IS FURTHER ORDERED** that on August 11, 2023, or upon the entry of substitute counsel for Defendant, whichever comes earlier, the Court will issue an order granting the Amended Motion to Withdraw, Doc. [76].

**IT IS FINALLY ORDERED** that attorney Steven Sumsion's Motion to Withdraw, Doc. [75], is **DENIED as moot** in light of Doc. [76].

Dated this 12th day of July, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE